## Robert Dady v. James M. Condit.

1. **Res Adjudicata**—*On Second Appeals.*—On the second appeal from the trial court all questions considered on the first appeal must be regarded as *res adjudicata* in the subsequent proceedings in the case.
2. **Trials**—*Viewing the Premises.*—In estimating the damages based upon the evidence and their view of the premises in question, the jury have a right to take into consideration their location, situation and surroundings, as seen by them when viewing the land.

**Assumpsit**, to recover damages for the breach of a written contract for the sale of real estate. Appeal from the Circuit Court of Lake County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

George W. Brown and Cooke & Upton, attorneys for appellant.

It is error to permit the jury to go upon and view other premises than those in controversy in the suit. And knowledge of such improper view and proceeding with the trial thereafter does not waive the error. Tedens et al. v. Sanitary District, 149 Ill. 87.

HOYNE, O'CONNOR & HOYNE, attorneys for appellee.

JOHN L. GRIFFITHS and CLARKE & CLARKE, of counsel.

Where the jury viewed the premises and the evidence is conflicting, the court will not disturb the verdict.   R. I. & P. Ry. Co. v. Leisy Brew. Co., 174 Ill. 547.

Unless it is so manifestly contrary to the preponderance of the evidence as to indicate misconduct on the part of the jury.   W. Chicago City Ry. Co. v. Chicago, 172 Ill. 198.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant, to recover damages for the breach of a written contract for the sale of real estate near the city of Waukegan.   The controversy between these parties, arising out of the same transaction, was before us on a former appeal, when the contract in question and the facts relating thereto were fully stated and considered.   Condit v. Dady, 56 Ill. App. 535; see also Dady v. Condit, 163 Ill. 511.

The opinions in the cases cited contain a full statement of the contract and the facts, and we deem it unnecessary to here again detail them.

The declaration in this case contained special counts upon the contract and also the common counts.   The defendant pleaded the general issue.   There was a trial by jury resulting in a verdict in favor of appellee for $15,000.   The plaintiff entered a remittitur for $3,000 and the court rendered judgment against the defendant for $12,000, after overruling a motion for new trial.   The defendant prosecutes this appeal, and errors are assigned as to the rulings of the court upon the admission and rejection of evidence and also as to its action on the instructions.

It appears from the evidence that appellee tendered payment according to the contract, and also the mortgage to secure the deferred payments, as specified therein, and, in short, performed all that was required of him to be done under the contract, and demanded a deed.

Appellant absolutely refused to carry out the contract and appellee brought this suit to recover damages.

Appellant then brought a suit in equity to enjoin the prosecution of the suit at law, in which he set up charges of fraud in procuring the contract, and we think all the defenses relied on in this suit.

These defenses were all fully considered by this court and by the Supreme Court in the cases above cited, and the controversy was decided against the present appellant, and those questions must now be regarded as *res adjudicata.* This being so, the only question for consideration on the trial of this cause was as to the plaintiff's damages, and the amount he ought to recover. This was a question of fact for the jury, and unless there were errors of law committed on the trial the judgment must be affirmed. The judgment is large, and the importance of the case has demanded and received our careful consideration.

We fail to find any serious errors in the rulings of the court on the introduction or rejection of evidence. We do not deem it necessary to discuss in detail the various points made, as no important principle is involved, but content ourselves with holding that there was no reversible error in the action of the court upon the evidence.

The first instruction complained of is numbered two in the series given for the plaintiff, and in effect tells the jury that they should estimate the damages to be allowed the plaintiff without regard to what amount of damages might have been recovered by the defendant had the situation of the parties been reversed—that is, if the plaintiff had refused to perform and the defendant had brought suit to recover damages for a breach of the contract by the plaintiff. It is said this brings into the case an issue not involved in the trial. In one sense this may be true, because in no view of the case could Condit have recovered any damages in this suit, but nevertheless we think the instruction contained a correct proposition of law, and it was not error to give it.

Complaint is also made of instruction numbered twelve, given for the plaintiff. During the trial of the cause the

jury were sent out to view the premises, under the authority of Springer v. City of Chicago, 135 Ill. 552.

Referring to this view of the premises, the court gave to the jury the twelfth instruction, which is as follows:

"The court instructs the jury that the jury has been allowed to go out upon the premises in question for the purpose of examining the location, situation and general condition of the premises, and the situation, location and physical conditions of other property in the neighborhood, referred to in the testimony. In arriving at the verdict and the amount of damages, you should give plaintiff in this case your view of the premises in evidence in the case, but such view is only admitted for the purpose of throwing light upon the value of the premises in question on the first day of August, 1891, and you should not take into consideration your view for any other purpose, except as to the general location, situation, quality and condition of the premises in question, and the situation, quality and condition of other premises testified about, and the bearing of such things upon the market value of the premises in question August 1, 1891."

The objection made to this instruction is, that it tells the jury they were allowed to view the situation, location and physical conditions of other property in the neighborhood, referred to in the testimony. It is claimed that this was error, and the case of Tedens et al. v. The Sanitary District, 149 Ill. 87, is cited as sustaining this contention. But there is no evidence in the record before us that the jury were taken upon or permitted to view any other land than that in controversy in this suit. In that respect the case is distinguishable from the Sanitary District case. The jury could not be expected to view the land in controversy without seeing the surrounding lands, and they were not bound to close their eyes as to the location and quality of other lands in the immediate neighborhood. This was said in the case cited, and we understand the court there only to hold that the jury had no right to go upon and view other lands in the same manner and with the same purpose as they did the lands in controversy. We think the instruction under discussion simply meant, and could only be understood by

the jury as meaning, that in estimating the damages based upon the evidence and their view of the premises, they had a right to take into consideration their location, situation and surroundings, as seen by them when viewing the land. If so understood, and we think the jury could not have understood it otherwise, the instruction was not erroneous.

We think the thirteenth instruction is not subject to the objection urged against it, but if it is, the defendant's thirty-fifth instruction is subject to the same objection and he can not complain.

The instructions asked on both sides were numerous, and it would too greatly extend the limits of this opinion to discuss every objection to the action of the court in giving, modifying or refusing them. Suffice it to say we think the jury were fairly and fully instructed as to the law of the case, and while some of the instructions given were not entirely free from criticism, we are of opinion they were not sufficiently erroneous to require a reversal of the judgment.

Finding no substantial error in the record, the judgment must be affirmed.